# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI SABOL and STEVEN JONES | : |
| | : CIVIL ACTION NO. 3:11-0532 |
| Plaintiffs | : |
| v. | : (JUDGE MANNION) |
| | : |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | : |
| | : |
| Defendant | |

## MEMORANDUM

Before the court is a consolidation of three actions, 3:11-CV-0532, 3:11-CV-1110, and 3:12-CV-1621, filed by the plaintiffs, Toni Sabol and Steven Jones, against the defendant, Allstate Property and Casualty Insurance Company, for breach of contract and bad faith. The plaintiffs' claims and subsequent counterclaims by the defendants, stem from the destruction of the plaintiffs' home due to a fire that occurred at 103 Johnny Bee Road, Dingmans Ferry, Pennsylvania on May 2, 2010, the subsequent burglary of a garage located on the property, damage to a well, and mold and mildew damage to the plaintiffs' new home. (Doc. 77, p. 4). Presently, the case is scheduled for trial starting on September 22, 2015.

The defendant has filed a motion in limine to preclude plaintiffs from

presenting evidence or testimony of damages relative to the mold/mildew claim at the new dwelling at 103 Johnny Bee Road. (Doc. 85). The defendant claims that the plaintiff failed to provide any evidence regarding causation of damages, scope of damages, or a computation of the cost of repair of damages resulting from the mold/mildew claims in its initial disclosures or throughout discovery. Defendant further claims that this failure both violates the Federal Rules of Civil Procedure and substantially prejudices the defendant's ability to defend itself at trial. The court agrees, and the motion will be **GRANTED**.

**I. BACKGROUND**

The plaintiffs, Toni Sabol and Steven Jones, resided at 103 Johnny Bee Road, Dingmans Ferry, Pennsylvania. (Doc. 77, p. 1). On May 2, 2010, a fire destroyed their home and personal belongings, causing them to vacate the uninhabitable premises. *Id.* at 1-2.

At the time of the fire, the plaintiffs' home was insured by the defendant, Allstate Property and Casualty Insurance Company. *Id.* at 1. The plaintiffs' coverage included $227,000.00 for their home, $170,000.00 for personal property inside the home, and living expense reimbursement for up to 12

months. (Doc. 1-3, p. 56).

On May 15, 2010, the plaintiffs' garage was allegedly broken into and items were stolen. (Doc. 77, p. 5). The plaintiffs reported the loss to the defendant, claiming losses that exceeded the $170,000.00 policy for their personal property. (Doc. 83, p. 3). The plaintiffs claim they did not have any proof of ownership for the items because the proof of ownership and the items were destroyed in the fire. *Id.* As a result, the defendant denied the plaintiffs' fire and theft claims on November 23, 2010. *Id.*

In addition, the plaintiffs state that the new home went without heat since the defendant's denial of coverage, which caused moisture to accumulate in the basement. (Case No. 3:12-CV-1621). The builder voided the plaintiffs' warranty because the moisture allegedly led to mold and mildew. *Id.* The plaintiffs were never able to move into the new home. *Id.*

During this time, a well on the plaintiffs' property had allegedly been vandalized and blocked with stones. (Case No. 3:11-CV-1110, Doc. 1, Ex. A, p. 4). Thus, on October 1, 2010, Ms. Sabol and others were unable to hook up the well service, and Ms. Sabol allegedly spent $950.00 to assess damage to the well, with repair costs estimated to be between $7,485.00 and $9,000.00. *Id.* She then reported the loss to the defendant, *id.,* and the

defendant, again, denied her claim. *Id.* at 4-5.

Plaintiff Toni Sabol originally filed a complaint on December 14, 2010 in the Court of Common Pleas of Pike County, Pennsylvania (Doc. 1, ¶1) regarding the fire damage and garage theft, alleging that the defendant insurance company breached its contract and acted in bad faith (Doc. 1, Ex. A, p. 2-3). On March 21, 2011, the defendant removed the case to federal district court, where it became 3:11-CV-0532. (Doc. 1). Then, on March 28, 2011, the defendant filed a motion to join Steven Jones, Ms. Sabol's son who also lived at the residence, as a plaintiff in the action, (Doc. 12, p. 3-4), which the court later granted. *Id.* at 9. The defendant also asserted sixteen (16) affirmative defenses, (Doc. 14, pp. 14-18), and a counterclaim for civil insurance fraud. *Id.* at 19-20.

Ms. Sabol filed a second action in May 2011 related to the well vandalism, again for breach of contract and bad faith. (Case No. 3:11-CV-1110, Doc. 1, Ex. A, p. 3). The plaintiff requests interest, punitive damages, court costs, and attorney's fees. *Id.*

On July 13, 2012, Ms. Sabol filed the final action in this case, this one related to the mold and mildew claims. (Case No. 3:11-CV-1621, Doc. 1, Ex. A). The plaintiff alleges that mold and mildew damage to their new home is a

4

direct result of defendant's actions. *Id.* She further claims that the defendant's denial of their claim related to mold and mildew damage caused the condition to continue, therefore causing more damage and preventing the plaintiff from inhabiting the new home. *Id.* In addition, the plaintiff also alleges that the defendant acted in bad faith by denying the plaintiff's claim. (Case No. 3:11-CV-1621, Doc. 1). The plaintiffs requests in excess of $50,000 for each count. (Case No. 3:11-CV-1621, Doc. 1, Ex. A). The defendant removed the action to federal district court after concluding that the damages being claimed exceed $75,000 and also citing its relation to two prior cases filed by Ms. Sabol that were consolidated once they were removed to federal court. *Id.* ¶¶3-5; (Doc. 35).

The case before this court is composed of one action by Toni Sabol and Steven Jones, and two actions by Toni Sabol only. (Doc. 77, p. 4). Allstate is the defendant in all three actions. *Id.* The defendant filed six (6) motions in limine for the court's determination. (Doc. 90, p. 1). However, during a conference between the parties on September 10, 2015, the parties stated that they agreed upon and resolved five of the six motions in limine, and thus this court is no longer required to rule on the motions. (Doc. 108). However, the parties have not resolved the defendant's motion in limine to preclude

5

evidence or testimony of damages relative to the mold/mildew claim at the new dwelling at 103 Johnny Bee Road, (Doc. 85), and the plaintiffs did not file a brief in opposition.[1] The motion is now ripe for the court's decision.

## II. DISCUSSION

The defendant's motion presently at issue seeks to preclude the plaintiffs from introducing or presenting any "evidence of causation and damages relative to their mold and mildew claim" because the plaintiffs failed to identify evidence of damage or causation in Initial Disclosures or discovery. (Doc. 90, p. 2). The court **GRANTS** the motion on two separate bases, each will be discussed below.

### A. *Motion Will Be Granted As Unopposed, Pursuant to the Local Rules*

Middle District of Pennsylvania Local Rule 7.6 states that "[a]ny party who fails [to file a brief in opposition] shall be deemed not to oppose such motion." Generally, motions may be granted in favor of the moving party on

---

[1] During a conference with both parties on September 10, 2015, the plaintiffs' counsel, Marshall E. Anders, confirmed that the plaintiffs did not file a brief in opposition to the defendant's motion in limine regarding the mold/mildew claim. (Doc. 108).

the grounds that the motion is deemed unopposed under the Local Rules. *See* [Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)](#) ("There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked."). However, a motion *to dismiss* or motion for *summary judgment* may not be granted solely because the motion was unopposed pursuant to the Local Rules. [Stackhouse, 951 F.2d at 30](#); [Hamburger v. Northland Grp., Inc., No. 3:13-CV-01155, 2015 WL 2341901, at *1 (M.D. Pa. May 13, 2015)](#).

In the instant action, the defendant filed a motion in limine to preclude testimony and evidence relative to the plaintiffs' mold and mildew claims on February 16, 2015. (Doc. [85](#)). The plaintiffs did not respond in opposition to the motion at all, let alone within the requisite time period. Therefore, this court finds Local Rule 7.6 applicable and deems the motion unopposed. Because the motion is not a motion to dismiss or motion for summary judgment, this court finds it appropriate to **GRANT** the defendant's motion pursuant to the Local Rules, and preclude the evidence.

### B. Motion Will Be Granted Due to the Plaintiffs' Violation of the Federal Rules of Civil Procedure Causing Substantial Prejudice to the Defendant

In the alternative, the defendant's motion in limine will be granted based upon the plaintiffs' failure to abide by the Federal Rules of Civil Procedure, as it will result in the defendant facing substantial prejudice if the evidence or testimony related to the mold and mildew claims is allowed at trial.

Federal Rule of Civil Procedure 26 provides that " a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and *may use to support its claims or defenses*" as well as "a *computation of each category of damages* claimed by the disclosing party." [Fed.R.Civ.P. 26(a)](Fed.R.Civ.P. 26(a)) (emphasis added). In addition, a party also has the obligation to supplement or correct his initial disclosures if he "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." [Fed.R.Civ.P. 26(e)(1)](Fed.R.Civ.P. 26(e)(1)).

Furthermore, if a party fails to provide the information required by Rule

26(a) and (e), Federal Rule of Civil Procedure 37(c) states, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or *at a trial*, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1) (emphasis added).

When looking at whether the failure was substantially justified or harmless and determining whether to exclude evidence from trial, the Third Circuit has set forth four factors that the court must consider:

(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
(2) the ability of the party to cure that prejudice;
(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and
(4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (*quoting Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)). The Third Circuit also considers "the importance of the evidence to the proffering party.*" Hill v. TD Bank, NA*, 586 F. App'x 874, 879 (3d Cir. 2014); *see also Norfolk S. Ry. Co. v. Pittsburgh & W. Virginia R.R.*, No. 2:11-CV-1588-TFM, 2015 WL 4377766, at *2 (W.D. Pa. July 15, 2015). After examining these five factors, the court has discretion to determine whether exclusion of the evidence is warranted.

In this case, the plaintiffs' third cause of action seeks damages for the defendant's breach of contract and bad faith that allegedly caused mold and mildew damage to the plaintiffs' new dwelling at 103 Johnny Bee Road. Pursuant to Rule 26(a), the plaintiffs were required to provide any information that they may use to support the mold/mildew claim as well as the computation of damages for the mold/mildew claim in their Initial Disclosures. As the defendant correctly points out, the plaintiffs filed three separate Initial Disclosure statements relating to the lawsuit, but failed to specify the claim or lawsuit to which the statements relate (e.g., fire and theft claim, well vandalism claim, or mold/mildew claim). (Doc. 90, p.4). Regardless of which lawsuit the statements pertain to, the information provided does not support causation or damages for the mold/mildew claims. (Docs. 7, 9, 17). In addition, none of the Initial Disclosure statements include a computation of damages or indicate an expert or witness who may testify about the mold/mildew claims. *Id.* More specifically, the plaintiffs state in numerous filings, including the complaint, Initial Disclosures, and responses to discovery requests, that they in fact cannot ascertain the cost of remediation of the mold and mildew because it continues to "increase" and "persist." (Case 3-12-CV-01621, Doc. 1); (Doc. 85, ¶3-7).

This court also notes that throughout discovery the plaintiffs did not supplement their Initial Disclosures or respond to the defendant's discovery requests with any information regarding the mold/mildew claims. (Doc. 85, ¶4, 5, 7); (Docs. 7, 9, 17).

The only evidence or testimony relevant to the plaintiffs' mold and mildew claims was the plaintiff Ms. Sabol's claim for mold and mildew damage that she initially filed with the defendant insurance company. (Claim no. 0212666234). Plaintiff refers to this "proof of claim" and its accompanying supporting documents in two of the three sets of Initial Disclosure statements. (Doc. 7, ¶3) ("The Defendant has this information in its possession by virtue of the proof of claims and supported documents that were sent."); (Doc. 9, ¶3). The plaintiffs refer to the proof of claim as evidence of computation of damages, but they do not mention which legal claim the "proof of claim" relates to or what portion of the document specifically supports damages, causation, or computation of damages.

In their pretrial memorandum, the plaintiffs demand $8,000 for the "cost of mold and mildew remediation," (Doc. 77, p. 9), and they list several documents relating to mold and mildew damages in their list of exhibits for trial. (Doc. 77, List of Exhibits). This indicates that the plaintiffs intend to

present evidence regarding damages and causation arising from the mold and mildew claims at trial, and thus preclusion may be warranted.

Ultimately, this court finds that the plaintiffs failed to satisfy their obligations under Federal Rule of Civil Procedure 26, by not providing computation of mold/mildew damages and by failing to provide the defendant with any evidence or testimony to support its mold/mildew claim during discovery. The court will briefly examine the five factors mentioned above to determine whether exclusion of evidence and testimony regarding the mold/mildew claims at trial is warranted.

First, the defendant will be prejudiced should the plaintiffs present any evidence at trial regarding the scope of damages, causation, and computation of damages. This prejudice will be substantial because it is nearly impossible for the defendant to investigate and prepare to defend itself at trial when it has been given no information or names of witnesses during discovery. *See* Doc. 90, p. 7.

Second, the plaintiffs have had ample opportunity to cure the potential prejudice by providing evidence or names of witnesses to the defendant in its Initial Disclosures, as a response to discovery requests, and throughout the entire discovery phase. Yet, the plaintiffs have yet to provide any evidence

with regard to causation and computation of damages arising from mold and mildew at the residence, as stated above.[2] In addition, it is unclear whether the plaintiffs have any evidence at all within their possession to support the claims, therefore, prejudice is likely incurable. Third, allowing the evidence would lead to significant delays at trial because it would likely lead to an abundance of objections and potential continuances resulting from surprise witnesses and documents. Fourth, there is no evidence that the plaintiffs' actions amounting to a failure to fulfill discovery obligations were a result of wilfulness or bad faith.

Finally, evidence of causation and damages resulting from mold and mildew is important to the plaintiffs' ability to support their mold/mildew claims. Preclusion of this evidence will greatly limit the plaintiffs' chance of success on the merits for the mold and mildew claim. However, given the substantial prejudice facing the defendants and the numerous opportunities that the plaintiffs had to cure such prejudice and provide the necessary evidence, this court finds that the balance tips in favor of the defendant. Thus, the court will

---

[2] After the defendant filed its motions in limine, both parties were urged by this court to resolve the motions amongst themselves, and the parties were able to resolve all motions *except for the instant motion*. Thus, the plaintiffs had yet another opportunity to cure the potential prejudice after the close of discovery, but failed to do so. (Doc. 108).

preclude the plaintiffs from offering evidence or testimony relative to the mold and mildew claims.

## V. CONCLUSION

For the reasons discussed above, the defendant's motion in limine to preclude evidence or testimony of damages relative to the mold/mildew claim is **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 16, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-0532-01.wpd